2024 IL App (1st) 230428-U

No. 1-23-0428

Order filed July 8, 2024.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 55380 |
| | ) | |
| CODY WRIGHT, | ) | The Honorable |
| | ) | Laura Ayala-Gonzalez, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The circuit court's denial of defendant's petition for relief from judgment is affirmed over his argument that the unlawful use or possession of a weapon by a felon statute (720 ILCS 5/24-1.1(a) (West 2008)) is facially unconstitutional under the second amendment and the Illinois Constitution.

¶ 2   Defendant Cody Wright appeals from the circuit court's order dismissing his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). He argues that his conviction for unlawful use or possession of a

weapon by a felon (UUWF) is void because the statute governing the offense (720 ILCS 5/24-1.1(a) (West 2008)) is facially unconstitutional under the United States and Illinois Constitutions. For the following reasons, we affirm.

¶ 3    On November 19, 2008, defendant entered a negotiated guilty plea to one count of UUWF in exchange for three years' imprisonment and the *nolle prosequi* of other charges. He did not move to withdraw his plea or file a direct appeal.

¶ 4    On December 20, 2022, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code. He contended the UUWF statute was unconstitutional pursuant to *People v. Moore*, 2020 IL App (1st) 190435, and *People v. Aguilar*, 2013 IL 112116, and his 2008 conviction was therefore invalid and should be vacated.

¶ 5    On February 6, 2023, the circuit court denied defendant's petition, stating *Aguilar* did not apply to defendant's UUWF offense. Defendant filed a timely appeal.

¶ 6    On appeal, defendant requests we vacate his conviction because, in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the UUWF statute under which he was convicted is facially unconstitutional under the second amendment to the United States Constitution (U.S. Const., amend. II) and Article I, section 22 of the Illinois Constitution (Ill. Const. 1970, art. I, § 22).

¶ 7    Section 2-1401 of the Code provides a statutory procedure by which final judgments may be vacated more than 30 days after entry. 735 ILCS 5/2-1401(a) (West 2022); *People v. Stoecker*, 2020 IL 124807, ¶ 18. Generally, a petition under section 2-1401 must be filed within two years of judgment. 735 ILCS 5/2-1401(c) (West 2022). However, the time limit does not apply when a defendant alleges his conviction or sentence is based on a facially unconstitutional statute and is

therefore void *ab initio*. See *Stoecker*, 2020 IL 124807, ¶¶ 27-28. We review *de novo* a denial of a section 2-1401 petition on legal grounds. *People v. Abdullah*, 2019 IL 123492, ¶ 13. We also review *de novo* the constitutionality of a statute, a question of law. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9 (citing *People v. Davis*, 2014 IL 115595, ¶ 26).

¶ 8    Initially, the State responds that defendant has waived any challenge to his conviction by pleading guilty and failing to move to withdraw his plea or pursue a direct appeal. The State is correct that a valid guilty plea generally waives all non-jurisdictional defects, including constitutional ones. *People v. Jones*, 2021 IL 126432, ¶ 20. However, a guilty plea does not preclude a defendant from arguing that a statute is facially unconstitutional and void *ab initio*, a challenge that may be raised "at any time." *People v. Guevara*, 216 Ill. 2d 533, 542-43 (2005) (on direct appeal, defendant could argue he was sentenced under an unconstitutional statute despite pleading guilty and not making the argument in his motion to withdraw his plea); see also *People v. Pitts*, 2024 IL App (1st) 230679-U, ¶¶ 8-10 (citing *Guevara* and finding on appeal from dismissal of section 2-1401 petition that the defendant's guilty plea did not waive his argument that he was convicted under facially unconstitutional statute).[1] Thus, we will consider the merits of defendant's argument.

¶ 9    Section 24-1.1(a) of the Criminal Code of 1961, under which defendant was convicted of UUWF, provides:

"(a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section

___

[1] Nonprecedential orders entered under Supreme Court Rule 23(b) after January 1, 2021, may be cited for persuasive purposes. See Ill. S. Ct. R. 23(b), (e)(1) (eff. Feb. 1, 2023).

24-1 of [the Criminal Code of 1961] or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. This Section shall not apply if the person has been granted relief by the Director of the Department of State Police under Section 10 of the Firearm Owners Identification Card Act." 720 ILCS 5/24-1.1(a) (West 2008).

¶ 10    Defendant argues that the statute is unconstitutional under the second amendment on its face. Facial challenges are "the most difficult challenge to mount." *Davis*, 2014 IL 115595, ¶ 25. Statutes are presumed constitutional, and to rebut that presumption and show a statute is facially unconstitutional, a party must establish that there are no circumstances under which the statute could be validly applied. *People v. Bochenek*, 2021 IL 125889, ¶ 10. "If it is reasonably possible to construe the statute in a way that preserves its constitutionality, we must do so." *Id.*

¶ 11    The second amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. In 2008, the United States Supreme Court issued its decision in *District of Columbia v. Heller*, in which it stated that the second amendment elevated "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). In 2010, the Court extended the right to keep and bear arms to the states under the fourteenth amendment. *McDonald v. City of Chicago*, 561 U.S. 742 (2010). The Court reiterated that its decision in *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.' " *Id.* at 786 (quoting *Heller*, 554 U.S. at 626-27).

¶ 12     Following *Heller* and *McDonald*, courts developed a two-step test for evaluating second amendment challenges to firearm regulations. See *Smith*, 2024 IL App (1st) 221455, ¶ 11. The first step was considering whether the regulated activity fell within the scope of the second amendment as it was originally understood. *Id.* If the government did not show the regulated activity was outside the scope of the second amendment, the second step was conducting a "means-end analysis." (Internal quotation marks omitted.) *Id.* In that analysis, courts weighed the severity of the regulation against the ends the government sought to achieve in enacting the regulation. *Id.*

¶ 13     However, in 2022 the Supreme Court issued *Bruen*, in which it announced a new analytical framework for evaluating the constitutionality of firearm regulations. *Id.* ¶ 12 (citing *Bruen*, 597 U.S. at 17, 24). The Court condemned the means-end analysis. *Id.* (citing *Bruen*, 597 U.S. at 19). Rather, under *Bruen*, where the second amendment's plain text covers an individual's conduct, the conduct is presumptively protected. *Id.* (citing *Bruen*, 597 U.S. at 17, 24). To justify the regulation of that conduct, the government must then demonstrate the regulation " 'is consistent with the Nation's historical tradition of firearm regulation.' " *Id.* (quoting *Bruen*, 597 U.S. at 24). To do so, the government must point to historical precedent, focusing on what the founders understood the second amendment to mean. *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 70 (citing *Bruen*, 597 U.S. at 27, 34-35).

¶ 14     Here, defendant claims that the conduct prohibited by the UUWF statute, possessing a firearm, is covered by the plain text of the second amendment and therefore presumptively protected. We disagree. *Bruen* did not provide that the second amendment granted an unrestricted right to carry firearms. Rather, it explained that:

"The Second Amendment guaranteed to 'all Americans' the right to bear commonly used arms in public subject to certain reasonable, well-defined restrictions. [Citation.] Those restrictions, for example, limited the intent for which one could carry arms, the manner by which one carried arms, or the exceptional circumstances under which one could not carry arms, such as before justices of the peace and other government officials." *Bruen*, 597 U.S. at 70.

¶ 15    In *Heller*, *McDonald*, and *Bruen*, the Supreme Court established that the second amendment protects the rights of "law-abiding citizens." See *Bruen*, 597 U.S. at 8-10 (agreeing that "law-abiding citizens" have a right to carry handguns for self-defense outside the home); see also *Heller*, 554 U.S. at 635 (second amendment elevated "the right of *law-abiding*, responsible citizens to use arms in defense of hearth and home" (emphasis added)); *McDonald*, 561 U.S. at 786 (reiterating that *Heller* "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons" (internal quotation marks omitted)).

¶ 16    In two recent cases we rejected as-applied constitutional challenges to the UUWF statute on that basis, concluding that *Bruen* did not apply to laws that attempted to regulate firearm possession by felons. See *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37 (noting that the justices in the *Bruen* majority repeated the phrase "law-abiding" 18 times in their majority opinion and concurrences); *People v. Mobley*, 2023 IL App (1st) 221264, ¶¶ 27-28 (agreeing with *Baker* and noting that *Heller* suggested that felons did not maintain second amendment rights). As we held that the UUWF statute could be validly applied to the defendants in *Baker* and *Mobley*, defendant's facial challenge to the statute must fail. See *Bochenek*, 2021 IL 125889, ¶ 10 (a statute is only facially unconstitutional if there are no circumstances under which it could be validly applied); see

also *People v. Burns*, 2024 IL App (4th) 230428, ¶¶ 18-22 (following *Baker* to reject facial challenge to UUWF statute).

¶ 17    Defendant requests we depart from our holdings in *Baker* and *Mobley* and instead follow the reasoning in *Brooks*, 2023 IL App (1st) 200435, ¶¶ 88-89, which rejected the argument that the second amendment did not protect the conduct of possessing a firearm after being convicted of a felony. We decline defendant's invitation to do so. That said, even were we to depart from the holdings in *Baker* and *Mobley*, we would still find defendant's facial challenge unavailing under the next step provided by *Bruen*, as there is sufficient historical precedent to ban felons from possessing firearms.

¶ 18    Another district of this court recently considered and rejected a defendant's facial challenge to the UUWF statute under the second step of the *Bruen* analysis. *People v. Travis*, 2024 IL App (3d) 230113. In *Travis*, the court reiterated that the Supreme Court in *Heller* and *Bruen* explained "the right to bear arms has never been unlimited," but " '[t]hroughout modern Anglo-American history,' " had been " 'subject to well-defined restrictions.' " *Id.* ¶ 27 (quoting *Bruen*, 597 U.S. at 38). Further, although felons were not broadly prohibited from possessing firearms until the twentieth century, "such laws evolved from preexisting prohibitions restricting access to firearms," including by certain groups of people. *Id.* ¶¶ 28-29. In colonial America, for example, legislatures " 'disarm[ed] individuals whose status indicated that they could not be trusted to obey the law.' " *Id.* ¶¶ 30-31 (quoting *Brooks*, 2023 IL App (1st) 200435, ¶ 94). In *Travis*, the court therefore concluded that, under *Bruen*, there was sufficient historical precedent to make the UUWF statute facially constitutional, which it also noted had almost no effect on any law-abiding citizen's right to armed self-defense. *Id.* ¶¶ 32-33.

¶ 19    We also find instruction in *Brooks*, in which we considered an as-applied constitutional challenge under *Bruen* to the armed habitual criminal statute (720 ILCS 5/24-1.7 (West 2016) (criminalizing possession of firearms after twice being convicted of certain felonies)). *Brooks*, 2023 IL App (1st) 200435, ¶ 55. In *Brooks*, after concluding that the second amendment encompassed the conduct at issue, we found that the legislature's ability to prohibit possession of firearms by twice-convicted felons was consistent with the national historical tradition of firearm regulation. *Id.* ¶¶ 90-105. The historical analogues included "widespread acceptance of the legislatures' authority to disarm felons" during the founders' era. *Id.* ¶ 96.

¶ 20    Defendant acknowledges our conclusion in *Brooks* but contends that portion of the decision is wrongly decided.[2] We decline to revisit *Brooks* here. Rather, we will follow *Baker*, *Mobley*, *Burns*, and *Travis* and reject defendant's facial challenge to the UUWF statute under the second amendment.

¶ 21    Defendant next claims that, even if the UUWF statute comports with the second amendment, it is facially unconstitutional under Article I, section 22 of the Illinois Constitution (Ill. Const. 1970, art. I, § 22). The courts in *Travis* and *Burns* also considered this argument, and rejected it. *Travis*, 2024 IL App (3d) 230113, ¶¶ 39-43; *Burns*, 2024 IL App (4th) 230428, ¶¶ 23-29. We do the same here.

¶ 22    Article I, section 22 provides that, "Subject only to the police power, the right of the individual citizen to keep and bear arms shall not be infringed." Ill. Const. 1970, art. I, § 22. Defendant notes our supreme court has stated that the phrase "the individual citizen" in that section

---

[2] Defendant does not discuss *Travis*, which was decided on April 19, 2024, after defendant filed his initial brief and the State filed its response brief, and shortly before defendant filed his reply brief on April 30, 2024.

is broader than the second amendment's phrase "the people." (Internal quotation marks omitted.) *Kalodimos v. Village of Morton Grove*, 103 Ill. 2d 483, 491 (1984).

¶ 23    However, the police power referenced in Article I, section 22 is "a limitation on the liberty the provision affords." *Id.* In *Kalodimos*, our supreme court stated that the possession of firearms under section 22 is " 'subject to an extraordinary degree of control under the police power' " because firearms " 'pose an extraordinary threat to the safety and good order of society.' " *Id.* at 491-92 (quoting Report of the Bill of Rights Committee on the Preamble and Bill of Rights, 6 Record of Proceedings, Sixth Illinois Constitutional Convention 88 (1970)).

¶ 24    We have further recognized that "police power includes the power to regulate certain aspects of gun possession and ownership." *People v. Robinson*, 2011 IL App (1st) 100078, ¶ 23 (citing *McDonald*, 561 U.S. at 786). And, as noted, the Supreme Court has explained that the right of law-abiding citizens to use firearms "did not cast doubt on *** 'prohibitions on the possession of firearms by felons.' " *McDonald*, 561 U.S. at 786 (quoting *Heller*, 554 U.S. at 626-27). Therefore, the UUWF statute is a proper exercise of police power and does not violate the Illinois Constitution on its face. See *Travis*, 2024 IL App (3d) 230113, ¶ 43; *Burns*, 2024 IL App (4th) 230428, ¶ 29 (same).

¶ 25    In sum, section 24-1.1 of the Criminal Code of 1961 is not facially unconstitutional under the second amendment or the Illinois Constitution. Therefore, the circuit court did not err in dismissing defendant's petition for relief from judgment.

¶ 26    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 27    Affirmed.