2025 IL App (1st) 231644-U

No. 1-23-1644

Order filed April 7, 2025

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 13748 |
| | ) | |
| ISAAC BURCH, | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction for unlawful use or possession of a weapon by a felon (UUWF) is affirmed where his claims that the UUWF statute is unconstitutional under the second amendment both facially and as applied to him are without merit.

¶ 2    Following a bench trial, defendant Isaac Burch was convicted of possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2018)) and unlawful use or possession of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2018)) and sentenced to concurrent terms of seven years' imprisonment. On appeal, defendant contends that his UUWF

conviction should be vacated because the UUWF statute is unconstitutional under the second amendment of the United States Constitution (U.S. Const., amend. II), both facially and as applied to him, pursuant to the test articulated in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). For the following reasons, we affirm.

¶ 3 The evidence at trial established that while executing a search warrant at a residence in Chicago, the police detained defendant in the basement. All the physical evidence in this case was recovered during the search of the basement. Those items included defendant's state identification card, which listed the address of the subject residence, and several pieces of mail addressed to defendant at the subject residence. The police recovered bundles of money and a bag containing suspect crack cocaine from the drop ceiling. Narcotics packaging and "cutting agents" were found in a back room. In addition, the police recovered a loaded semi-automatic handgun from a wooden chest in the laundry room. Inside a tote box in the laundry room, the police found a loaded standard-size magazine for a handgun and a loaded extended magazine.

¶ 4 After waiving his *Miranda* rights, defendant told the police that he had "removed a gun that was upstairs" in the house to prevent it from being stolen from his mother. The parties stipulated that defendant had "two prior qualifying felony offenses." They further stipulated that the recovered substance tested positive for 7.4 grams of cocaine.

¶ 5 The trial court found defendant guilty of possession of a controlled substance with intent to deliver and four counts of UUWF – one for possessing the firearm and three for possessing the ammunition inside the firearm, inside one of the magazines, and inside a box. At sentencing, defense counsel pointed out that all of defendant's prior convictions were drug-related and that he had "no history of violence." The trial court merged the three ammunition counts into the firearm

count of UUWF. The court sentenced defendant to concurrent terms of seven years' imprisonment for one count each of possession of a controlled substance with intent to deliver and UUWF.

¶ 6    On appeal, defendant contends that his UUWF conviction should be vacated because, under the test articulated in *Bruen*, the UUWF statute violates the second amendment both facially and as applied to him, where there is no founding-era evidence of permanent status-based revocation of the right to keep and bear arms. Whether the UUWF statute is constitutional is a question of law that we review *de novo*. *People v. Villareal*, 2023 IL 127318, ¶ 14.

¶ 7    The UUWF statute provides, in relevant part:

> "(a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of the Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction." 720 ILCS 5/24-1.1(a) (West 2018).

¶ 8    The second amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. In *District of Columbia v. Heller*, the United States Supreme Court stated that the second amendment elevated "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). The Court later extended the right to keep and bear arms to the states under the fourteenth amendment in *McDonald v. City of Chicago*, 561 U.S. 742 (2010). In *McDonald*, the Court reiterated that its decision in *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.' " *Id.* at 786 (quoting *Heller*, 554 U.S. at 626-27).

¶ 9       In *Bruen*, the Supreme Court adopted a new analytical framework for evaluating the constitutionality of firearm regulations. *Bruen*, 597 U.S. at 17, 24. Under the *Bruen* test, when the second amendment's plain text covers an individual's conduct, the conduct is presumptively protected. *Id.* To justify the regulation of that conduct, the government must then demonstrate that the regulation "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24.

¶ 10      Thus, pursuant to *Bruen*, a court must first consider whether the plain text of the second amendment covers the defendant's conduct. *People v. Boss*, 2025 IL App (1st) 221855, ¶ 27. If it does, the government must then point to historical precedent, focusing on what the founders understood the second amendment to mean. *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 70 (citing *Bruen*, 597 U.S. at 27, 34-35).

¶ 11      Defendant first argues that the UUWF statute is facially unconstitutional under the second amendment. Defendant asserts that the statute fails the historical test announced in *Bruen* because convicted felons are included in "the people" as the term is used in the second amendment, and historical firearm regulations did not prohibit possession in the same way or for the same reasons as modern laws that criminalize possession of weapons by felons. Defendant claims the State cannot meet its burden to establish a historical analogue for such a categorical and permanent ban on firearm possession that was enforced with severe criminal penalties.

¶ 12      Defendant did not challenge the validity of the statute in the trial court. However, a claim that a statute is facially unconstitutional is exempt from forfeiture and may be raised at any time. *People v. Thompson*, 2015 IL 118151, ¶ 32. A facial challenge is "the most difficult challenge to mount." *People v. Davis*, 2014 IL 115595, ¶ 25. Statutes are presumed constitutional. *People v. Bochenek*, 2021 IL 125889, ¶ 10. To rebut that presumption and establish that a statute is facially

unconstitutional, the party challenging the constitutionality must demonstrate that there are no circumstances under which the statute would be valid. *Villareal*, 2023 IL 127318, ¶ 14. "If it is reasonably possible to construe the statute in a way that preserves its constitutionality, we must do so." *Bochenek*, 2021 IL 125889, ¶ 10.

¶ 13     This court has repeatedly and unanimously rejected precisely the same argument defendant presents here challenging the UUWF statute as facially unconstitutional under *Bruen*. See *People v. Hodges*, 2025 IL App (1st) 231201-U; *Boss*, 2025 IL App (1st) 221855; *People v. Johnson*, 2024 IL App (1st) 231155; *People v. Atkins*, 2024 IL App (1st) 221138-U; *People v. Benson*, 2024 IL App (1st) 221230-U; *People v. McKnight*, 2024 IL App (1st) 230571-U; *People v. Avery*, 2024 IL App (1st) 230606-U; *People v. Linzy*, 2024 IL App (1st) 221921-U; *People v. Wright*, 2024 IL App (1st) 230428-U; *People v. Carldwell*, 2024 IL App (1st) 230968-U; *People v. Muhammad*, 2023 IL App (1st) 230121-U; *People v. Robinson*, 2023 IL App (1st) 220959-U.

¶ 14     In the majority of these cases, the court concluded that the term "the people" in the second amendment referred to law-abiding citizens and did not include felons. See, *e.g.*, *Boss*, 2025 IL App (1st) 221855, ¶¶ 30-33. Therefore, the second amendment did not apply to possession of a firearm by a felon and the facial constitutional challenges failed. *Id.* ¶ 33.

¶ 15     Defendant acknowledges that many cases have recently held that *Bruen* does not apply to convicted felons but argues the cases were wrongly decided. Defendant points out that in *Brooks*, this court found that the defendant's felon status was "irrelevant" during the first step of the *Bruen* analysis and, thus, a felon's possession of a firearm is presumptively constitutional. See *Brooks*, 2023 IL App (1st) 200435, ¶ 89. Defendant argues that the *Brooks* analysis was better reasoned on this point.

¶ 16    This court has found that, even if we were to conclude that the first step of the *Bruen* analysis applies to felons, such as defendant here, we would still conclude that the UUWF statute is facially constitutional. See, *e.g.*, *Boss*, 2025 IL App (1st) 221855, ¶ 36. Under the second step of the *Bruen* analysis, *Brooks* found ample historical support for the legislature's ability to prohibit possession of firearms by convicted felons. *Brooks*, 2023 IL App (1st) 200435, ¶¶ 90-105. The historical analogues included "widespread acceptance of the legislatures' authority to disarm felons" during the founders' era. *Id.* ¶ 96. *Brooks* recognized a "historical tradition of legislatures exercising their discretion to impose status-based restrictions disarming entire categories of persons" and that "the founders understood that felons were one such group." (Internal quotation marks and citations omitted.) *Id.* ¶ 97.

¶ 17    Defendant acknowledges our conclusion in *Brooks* but contends that portion of the decision was wrongly decided and should be revisited. We decline to depart from our multitude of prior holdings cited above finding the UUWF statute facially constitutional and reach the same conclusion here.

¶ 18    Defendant next contends that the UUWF statute is unconstitutional as applied to him because he is a nonviolent felon who possessed a firearm inside his home. Defendant asserts that there was no evidence that he committed or threatened any act of violence with the firearm in either this case or his prior felony conviction, which was a nonviolent drug-related felony. Defendant claims the State cannot prove that a historical basis exists for prohibiting a nonviolent felon like himself from exercising his second amendment right to bear arms.

¶ 19    Defendant did not raise this issue in the trial court and is raising it for the first time in this appeal. In general, a defendant's failure to raise an issue in the trial court results in forfeiture which

procedurally bars him from raising the issue on appeal. *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 58. Although a facially unconstitutional challenge may be raised at any time, an as-applied constitutional challenge may not as it is a distinct action that depends on the particular facts and circumstances of the individual defendant. *Thompson*, 2015 IL 118151, ¶¶ 32-37. "Therefore, it is paramount that the record be sufficiently developed in terms of those facts and circumstances for purposes of appellate review." *Id.* ¶ 37.

¶ 20 Here, the parties agree that defendant's as-applied challenge is not forfeited because the record is sufficiently developed to allow this court to address the issue. The State points out that defendant's possession of the firearm in this case is not in dispute, and his prior qualifying felony convictions, detailed in defendant's criminal history in the record, are dispositive. We note that during sentencing in this case, defense counsel pointed out that all of defendant's prior convictions were drug-related and that he had "no history of violence." The State did not object to this characterization or present any information to the contrary. Hence, we consider the merits of defendant's as-applied challenge on appeal. See *Brooks*, 2023 IL App (1st) 200435, ¶¶ 59-62 (the evidentiary record below was sufficiently developed and showed that the State did not dispute defense counsel's description of the defendant's record as nonviolent nor argue that his predicate offenses were violent).

¶ 21 Defendant's argument that the UUWF statute is unconstitutional as applied to him, a nonviolent felon, implies that the second amendment only allows the disarmament of dangerous felons. This court has repeatedly rejected this contention. See *Benson*, 2024 IL App (1st) 221230-U, ¶ 52; *People v. Martin*, 2024 IL App (1st) 221562-U, ¶ 78; *Linzy*, 2024 IL App (1st) 221921-U, ¶¶ 32-33; *People v. Travis*, 2024 IL App (3d) 230113, ¶ 37; *People v. Gross*, 2024 IL App (2d)

230017-U, ¶¶ 26-27; *People v. Echols*, 2024 IL App (2d) 220281-U, ¶ 155; *People v. Mobley*, 2023 IL App (1st) 221264, ¶ 28; *Muhammad*, 2023 IL App (1st) 230121-U, ¶ 24; *Robinson*, 2023 IL App (1st) 220959-U, ¶ 46; *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37.

¶ 22    When considering the same as-applied challenge defendant raises here, similar to the facial challenge above, this court has held that *Bruen* only applies to laws that regulate possession of firearms by law-abiding citizens, not felons. See, *e.g.*, *Baker*, 2023 IL App (1st) 220328, ¶ 37. In *Martin*, we noted that the Second District found that neither *Heller* nor *McDonald* placed any qualifiers on the term "felons," nor did those cases make any distinction between violent and nonviolent felons. *Martin*, 2024 IL App (1st) 221562-U, ¶ 79 (citing *Echols*, 2024 IL App (2d) 220281-U, ¶ 155; *Gross*, 2024 IL App (2d) 230017-U, ¶ 27). We further noted that *Brooks* found no historical requirement that an individual be deemed dangerous before prohibiting him from possessing a firearm, and recent legislative history supported that same conclusion. *Martin*, 2024 IL App (1st) 221562-U, ¶ 81 (citing *Brooks*, 2023 IL App (1st) 200435, ¶¶ 102-04).

¶ 23    In this case, we decline to depart from our prior well-reasoned decisions and similarly conclude that defendant's nonviolent criminal history has no effect on the constitutionality of the UUWF statute. Accordingly, the statute is constitutional as applied to defendant.

¶ 24    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.