2025 IL App (1st) 231113-U

No. 1-23-1113

Order filed April 18, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CR 9897 |
| | ) | |
| EDWARD TURNER, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction for unlawful use or possession of a weapon by a felon affirmed where the underlying statute did not, on its face, violate the second amendment of the United States Constitution.

¶ 2    Following a bench trial, defendant Edward Turner was found guilty of five counts of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2020)), one count of unlawful use or possession of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2020)), and one count of attempted residential arson (720 ILCS 5/8-4 (20-1(b)) (West 2020)). The trial court

sentenced defendant to 14 years in prison on each aggravated discharge count, 10 years in prison on the UUWF count, and 7 years in prison on the attempted residential arson count, with all sentences to run concurrently. On appeal, defendant contends that section 24-1.1(a) of the UUWF statute violates the second amendment to the United States Constitution (U.S. Const., amend. II) under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We affirm.

¶ 3    As relevant here, defendant was charged by indictment with one count of UUWF based on knowingly possessing a firearm after having previously been convicted of a felony relating to an incident occurring on September 12, 2020.

¶ 4    The evidence at trial established that defendant lived on the second floor of a two-flat building in Chicago, Illinois, while one of the victims resided in the apartment below him. Around 6 a.m., on September 12, 2020, the victim and her boyfriend awoke to the sound of defendant talking and saying things like "I am going to burn this down. I am going to kill everybody over here." Then, they heard gunshots.

¶ 5    Chicago police officers responded to the building for a report of shots fired. While standing on the front porch, the three responding officers heard the "rack" of a firearm and then immediately following heard gunshots. The officers ran from the porch to take cover, and a SWAT team was called. When SWAT officers arrived on the scene, they entered through the front door of the residence and observed a silver handgun and several spent shell casings in the front doorway threshold. The firearm did not belong to either of the victims. Officers observed defendant exit through the front doorway and arrested him. The parties stipulated that recovered shell casings were discharged by the firearm recovered from the front doorway threshold and that defendant had previously been convicted of the felony offense of UUWF.

¶ 6    The court found defendant guilty of five counts of aggravated discharge of a firearm, one count of UUWF, and one count of attempted residential arson.

¶ 7    Defendant filed a motion for a new trial, which the trial court denied. The court sentenced defendant to concurrent terms of 14 years in prison on the aggravated discharge counts, 10 years in prison on the UUWF count, and 7 years in prison on the attempted residential arson count. Defendant's oral motion to reconsider his sentence was denied.

¶ 8    On appeal, defendant contends that the UUWF statute is facially unconstitutional in violation of the second amendment of the United States Constitution (U.S. Const., amend. II) under the test articulated by the United States Supreme Court in *Bruen*, 597 U.S. 1 (2022).

¶ 9    In *Bruen*, the Supreme Court adopted a new analytical framework for evaluating the constitutionality of firearm regulations. *Bruen*, 597 U.S. at 17, 24. Under this framework, when the plain text of the second amendment covers an individual's conduct, the conduct is presumptively protected by the Constitution. *Id.* To justify the regulation of that conduct, the government must then demonstrate that the regulation "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24.

¶ 10    Thus, pursuant to *Bruen*, a court must first consider whether the plain text of the second amendment covers the defendant's conduct. *People v. Boss*, 2025 IL App (1st) 221855, ¶ 27. If it does, the government must then point to historical precedent, focusing on what the founders understood the second amendment to mean. *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 70 (citing *Bruen*, 597 U.S. at 27, 34-35).

¶ 11    A party challenging the constitutionality of a statute "carr[ies] the heavy burden of successfully rebutting the strong judicial presumption that statutes are constitutional." (Internal

quotation marks omitted.) *People v. Rizzo*, 2016 IL 118599, ¶ 23. To succeed in a facial challenge, the defendant must show the statute is unconstitutional under any set of facts; the specific facts relating to him are irrelevant. *People v. Thompson*, 2015 IL 118151, ¶ 36. If there exists a situation in which the statute could be validly applied, a facial challenge must fail. *Rizzo*, 2016 IL 118599, ¶ 24. Whether a statute is constitutional is a question of law we review *de novo*. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9.

¶ 12 Section 24-1.1(a) of the UUWF statute that was in effect at the time of defendant's arrest provides, in pertinent part: "It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction."[1] 720 ILCS 5/24-1.1(a) (West 2020).

¶ 13 The second amendment of the United States Constitution provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II.

¶ 14 Since the time defendant filed the instant appeal, the issue of whether section 24-1.1(a) of the UUWF statute violates the second amendment has been well-settled. This court has found in numerous cases that section 24-1.1(a) is not unconstitutional on its face. See *Boss*, 2025 IL App (1st) 221855, ¶ 33 (agreeing with "the majority of panels" that the second amendment does not apply to a felon's possession of a firearm); *People v. Johnson*, 2024 IL App (1st) 231155; *People*

---

[1] The UUWF statute has subsequently been amended twice since defendant's arrest. The first amendment was effective from August 20, 2021, to December 31, 2024, and the second amendment became effective on January 1, 2025. Neither of the amendments substantively changed the language in subsection (a) that is at issue in this appeal.

*v. Atkins*, 2024 IL App (1st) 221138-U; *People v. Benson*, 2024 IL App (1st) 221230-U; *People v. McKnight*, 2024 IL App (1st) 230571-U; *People v. Avery*, 2024 IL App (1st) 230606-U; *People v. Linzy*, 2024 IL App (1st) 221921-U; *People v. Wright*, 2024 IL App (1st) 230428-U; *People v. Carldwell*, 2024 IL App (1st) 230968-U; *People v. Muhammad*, 2023 IL App (1st) 230121-U; *People v. Robinson*, 2023 IL App (1st) 220959-U. The court concluded in the majority of these cases that second amendment protections did not extend to the defendant as he was not a "law-abiding citizen but, rather, a felon." See *e.g. Boss*, 2025 IL App (1st) 221855, ¶ 33. Here, too, defendant was a felon in possession of a firearm.

¶ 15    We therefore reject defendant's facial challenge to the UUWF statute under the second amendment in light of our prior well-reasoned decisions. As defendant has not shown that the UUWF statute is unconstitutional, we affirm his conviction.

¶ 16    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 17    Affirmed.