2025 IL App (1st) 241783-U

No. 1-24-1783

Order filed November 13, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 02 CR 3185 |
| | ) | |
| JEFFERY HICKS, | ) | Honorable |
| | ) | Lorraine M. Murphy, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Lyle and Quish concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Defendant's facial and as-applied constitutional challenges to his unlawful use of a weapon by a felon conviction fail.

¶ 2   Defendant Jeffery Hicks appeals from the denial of his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)) and for a certificate of innocence filed pursuant to section 2-702 of the Code (735 ILCS 5/2-702 (West 2024)). On appeal, he argues that the provision of the unlawful use of a weapon by

a felon (UUWF) statute under which he was convicted is facially unconstitutional and unconstitutional as applied to him under the second amendment of the United States Constitution, article I, section 22 of the Illinois Constitution, and the United States Supreme Court's decision in *New York State Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We affirm.

¶ 3    Following a bench trial, defendant was found guilty of one count of aggravated unlawful use of a weapon (AUUW) and four counts of UUWF. The underlying facts are set forth in the order on direct appeal (*People v. Hicks*, No. 1-03-2517 (2005) (unpublished order under Illinois Supreme Court Rule 23)) and will be repeated here only briefly.

¶ 4    At trial, Chicago police officer Kung testified that on January 21, 2002, he saw defendant walking on the street holding a firearm. When Officer Kung and his partner approached, defendant placed the firearm next to a parked vehicle. Officer Kung placed defendant into custody and recovered the firearm, which had a live round in the chamber.

¶ 5    The parties stipulated that defendant had a 2000 felony conviction for delivery of a controlled substance for which he received four years' imprisonment. Defendant was on mandatory supervised release (MSR) for that offense on the date of the 2002 incident.

¶ 6    Defendant testified that he was on parole at the time he was approached by two police officers, and he did not have a firearm or ammunition on his person. After the police arrested him, Officer Kung walked away for "five to fifteen minutes" and returned with a firearm.

¶ 7    The trial court found defendant guilty of one count of AUUW and four counts of UUWF. The court imposed five concurrent 10-year sentences.

¶ 8    On appeal, defendant argued, *inter alia*, that four of his five convictions violated the one-act, one-crime doctrine and must be vacated. This court affirmed one conviction for UUWF,

predicted on defendant knowingly possessing a firearm while on MSR after having been convicted of a felony (720 ILCS 5/24-1.1(a) (West 2002)), vacated the other four convictions, and remanded for resentencing. See *Hicks*, No. 1-03-2517 (2005) (unpublished order under Illinois Supreme Court Rule 23). Upon resentencing, the trial court imposed 10 years in prison on the UUWF count.

¶ 9    On April 12, 2024, defendant filed a "Motion for Post-Judgment Relief Pursuant to (735 ILCS 5/2-1401) and Petition for a Certificate of Innocence Pursuant to (735 ILCS 5/2-702)." Defendant argued that under the one-act, one-crime doctrine, the court should vacate his UUWF conviction because it was the "less serious" offense. He also argued that his AUUW conviction should be vacated pursuant to *People v. Aguilar*, 2013 IL 112116 and *People v. Burns*, 2015 IL 117387. Defendant then requested a certificate of innocence on the vacated convictions.

¶ 10    On August 2, 2024, the circuit court denied the motion and petition, stating that defendant had been found guilty of "Class 2 UUW felon" and had "zero" Class 4 AUUW charges, and therefore, the *Aguilar* line of cases did not apply.

¶ 11    On appeal, defendant first contends that the provision of the UUWF statute under which he was convicted is facially unconstitutional and void *ab initio* under the Second Amendment and *Bruen* because the provision permanently bans firearm possession by those with felony convictions, which is inconsistent with the Nation's historical tradition of firearm regulation.

¶ 12    To start, the State argues that the issue is forfeited because defendant failed to raise the facial *Bruen* challenge in the circuit court.

¶ 13    Ordinarily, a defendant "who fails to raise an issue before the trial court forfeits the issue" before a reviewing court. *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 58. However, "[w]hen

a statute is declared facially unconstitutional and void *ab initio*, it means that the statute was constitutionally infirm from the moment of its enactment and, therefore, unenforceable." *People v. Thompson*, 2015 IL 118151, ¶ 32. Moreover, "a judgment based on a statute that is facially unconstitutional is void," and challenges based on a void statute are "not subject to forfeiture" or "any other ordinary procedural bar." *In re N.G.*, 2018 IL 121939, ¶¶ 43, 57.

¶ 14     This is even so when a defendant raises a facial challenge for the first time on appeal after having raised different claims in a section 2-1401 petition from which he is appealing, as defendant did here. See *People v. Doehring*, 2024 IL App (1st) 230384, ¶ 14 (defendant allowed to raise facial *Bruen* challenge for the first time on appeal after failing to raise it in a section 2-1401 petition from which he appealed); see also *People v. McTizic*, 2025 IL App (1st) 240467-U, ¶ 5 (same). Therefore, defendant may raise his facial *Bruen* challenge for the first time on appeal.

¶ 15     A presumption exists that all statutes are constitutional, and a defendant carries a "heavy burden" in rebutting that presumption. *People v. Rizzo*, 2016 IL 118599, ¶ 23. To rebut the presumption, a defendant "must clearly establish that [the statute] violates the constitution." (Internal quotation marks omitted.) *Id*. Courts have a duty to uphold the constitutionality of a statute whenever possible, "resolving any doubts in favor of the statute's validity." *Id*. A facial challenge requires a showing that "the statute is unconstitutional under any set of facts, *i.e.*, the specific facts related to the challenging party are irrelevant." *Id*. ¶ 24. If a situation exists in which the statute can be validly applied, a facial challenge fails. *Id*. We review the constitutionality of a statute *de novo*. *Id*. ¶ 23.

¶ 16     Defendant was convicted of violating section 24-1.1(a) of the UUWF statute, which provides that "[i]t is unlawful for a person to knowingly possess on or about his person *** any

firearm *** if the person has been convicted of a felony under the laws of this State or any other jurisdiction." 720 ILCS 5/24-1.1(a) (West 2002).

¶ 17    The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. This amendment protects an individual's right to keep and bear arms for self-defense and was made applicable to the states via the Fourteenth Amendment. *Bruen*, 597 U.S. at 17; *McDonald v. City of Chicago,* 561 U.S. 742, 791 (2010). Like most rights, "the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

¶ 18    In *Bruen*, the United States Supreme Court articulated a two-part test for assessing the constitutionality of firearms regulations, where a court must first analyze whether "the Second Amendment's plain text covers an individual's conduct." *Bruen*, 597 U.S. at 24. If so, that conduct is presumptively protected. *Id*. The government must then "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*.

¶ 19    Here, defendant argues that because his right to carry a firearm is covered under the plain text of the Second Amendment and is "presumptively protected," the permanent ban on firearm possession by those with felony convictions, like defendant, is inconsistent with the Nation's historical tradition of firearm regulation. We disagree.

¶ 20    Contrary to defendant's contention, his conduct is not protected under the Second Amendment. *Bruen*, consistent with *Heller*, noted that the Second Amendment protected the right of *law-abiding* citizens to use arms for self-defense. *Id*. at 26. Moreover, *Heller* stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of

firearms by felons." *Heller*, 554 U.S. at 626; see also *United States v. Rahimi*, 602 U.S. 680, 699 (2024) (noting *Heller* "stated that many such prohibitions, like those on the possession of firearms by felons and the mentally ill, are presumptively lawful" (internal quotation marks omitted)); *People v. Lopez*, 2025 IL App (1st) 232120, ¶ 19 (same).

¶ 21 Following *Bruen* and *Heller*, Illinois courts have routinely held that the Second Amendment does not apply to a felon's firearm possession. See *People v. Boss*, 2025 IL App (1st) 221855, ¶ 33 ("defendant's facial constitutional challenge fails because the second amendment does not apply to him as he is not a law-abiding citizen but, rather, a felon"); *People v. Johnson*, 2024 IL App (1st) 231155, ¶ 24 ("this court has—repeatedly and without exception—concluded that the second amendment permits Illinois to disarm felons"); *People v. Welch*, 2025 IL App (1st) 231116, ¶ 57 ("[r]elying on the United States Supreme Court's clear statements in *Bruen* that the second amendment protects only the rights of 'law-abiding citizens,' we have repeatedly held that statutes prohibiting a felon from possession [*sic*] firearms generally fall outside the scope of the second amendment); *People v. Atkins*, 2024 IL App (1st) 221138-U, ¶ 23 ("possessing a weapon after having been convicted of a felony is not covered by the plain text of the second amendment and not 'presumptively' protected by the Constitution"); *People v. Turner*, 2025 IL App (1st) 231113-U, ¶ 14 ("[this] court concluded *** that second amendment protections did not extend to the defendant as he was not a 'law-abiding citizen but, rather, a felon'"); *People v. Darby*, 2025 IL App (1st) 241101-U, ¶ 35 ("because the second amendment only protects the right of law-abiding citizens to bear arms, the *Bruen* test does not apply to the UUWF statute").

¶ 22 To the extent that defendant argues that the preceding cases incorrectly inserted a "law-abiding" requirement into the plain text of the Second Amendment in order to exclude felons from

protection, and argues that other cases, such as *People v. Brooks*, 2023 IL App (1st) 200435, ¶¶ 88-89, correctly held that a "defendant's status as a felon is irrelevant" in determining whether his conduct is protected under the first step of *Bruen*, we disagree. As stated, *Bruen* and *Heller* are clear in noting that the Second Amendment protects the firearm possession rights of law-abiding citizens. Therefore, we decline to follow *Brooks* and agree with other panels of this court, cited above, that have held that statutes prohibiting firearm possession by felons fall outside the scope of Second Amendment protections. As such, defendant's conduct of possessing a firearm as a felon is not covered under the Second Amendment, and his facial challenge to section 24-1.1(a) of the UUWF statute pursuant to the Second Amendment and *Bruen* fails.

¶ 23    Defendant next contends that section 24-1.1(a) of the UUWF statute is facially unconstitutional under article I, section 22 of the Illinois Constitution, which protects a broader right to firearms possession than the Second Amendment.

¶ 24    Article I, section 22 of the Illinois Constitution provides that, "[s]ubject only to the police power, the right of the individual citizen to keep and bear arms shall not be infringed." Ill. Const. 1970 Art. I, § 22. Illinois courts have held that the "[s]ubject only to the police power" phrase "was intended to provide an extraordinary degree of control over the possession and use of arms due to the extraordinary threat to the safety and good order of society they pose." (Internal quotation marks omitted.) *People v. Cox*, 2025 IL App (1st) 241260, ¶ 26.

¶ 25    The "extraordinary degree of control has long included prohibitions on the possession of firearms by felons." (Internal quotation marks omitted.) *People v. Kelley*, 2024 IL App (1st) 230569, ¶ 25. As such, nothing in article I, section 22 of the Illinois Constitution "suggests any departure from the long-established principle that the state's police power includes the ability to

control who may bear arms." *Id*. ¶ 26. Therefore, defendant's facial challenge to section 24-1.1(a) of the UUWF statute pursuant to article I, section 22 of the Illinois Constitution fails. See *People v. Wright*, 2024 IL App (1st) 230428-U, ¶ 24 ("the UUWF statute is a proper exercise of police power and does not violate the Illinois Constitution on its face").

¶ 26    Lastly, defendant argues that section 24-1.1(a) of the UUWF statute is unconstitutional as applied to him because the felony underlying his conviction was a non-violent offense and, therefore, he is not the "dangerous" individual whom the Founders intended should be disarmed.

¶ 27    Defendant raises this issue for the first time on appeal. The State argues that we should decline to address the issue, as there has been no evidentiary hearing in the circuit court and the record lacks sufficient facts regarding the predicate felony. While facial challenges to a statute may be raised at any time, the "void *ab initio* doctrine does not apply to an as-applied constitutional challenge." *Thompson*, 2015 IL 118151, ¶ 32. When making an as-applied challenge, a defendant "has the burden of showing that a constitutional violation arises from the application of the statute to a specific set of facts and circumstances." *People v. Mobley*, 2023 IL App (1st) 221264, ¶ 18. Therefore, for an appellate court to consider an as-applied constitutional challenge, "it is imperative that the record be sufficiently developed in terms of those facts and circumstances." *Boss*, 2025 IL App (1st) 221855, ¶ 39.

¶ 28    Here, although defendant failed to raise this issue in the circuit court, the record is sufficiently developed to allow our review. See *Welch*, 2025 IL App (1st) 231116, ¶ 60; *People v. Benson*, 2024 IL App (1st) 221230-U, ¶ 51. Neither *Bruen* nor *Heller* distinguish between violent and non-violent felony offenders. *Welch*, 2025 IL App (1st) 231116, ¶ 60; *Benson*, 2024 IL App (1st) 221230-U, ¶ 52. *Heller* merely states, "nothing in our opinion should be taken to cast doubt

on longstanding prohibitions on the possession of firearms by *felons*." (Emphasis added.) *Heller*, 554 U.S. at 626. Moreover, we have already concluded that the Second Amendment does not cover firearm possession by felons and applies to law-abiding citizens. *Boss*, 2025 IL App (1st) 221855, ¶ 33.

¶ 29 At defendant's trial, the parties stipulated that he had a conviction for delivery of a controlled substance, a felony offense, for which he was on MSR at the time of the UUWF offense at bar. As defendant is a felon and *Bruen* does not apply to firearm possession by felons, section 24-1.1(a) of the UUWF statute is not unconstitutional as applied to him. See *Welch*, 2025 IL App (1st) 231116, ¶ 60 ("a felon is 'simply outside the box drawn by *Bruen*'"); *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37 ("The *Bruen* Court could not have been more clear that its newly announced test applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens,' and not felons like defendant).

¶ 30 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 31 Affirmed.