2021 IL App (1st) 190491-U
No. 1-19-0491

FIRST DIVISION
October 12, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 07 CR 14117 |
| | ) | 09 CR 2829 |
| CARMEN COX, | ) | 13 CR 22814 |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | The Honorable |
| | ) | Kenneth J. Wadas, |
| | ) | Judge Presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Walker and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held:* The trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea after a hearing because defendant failed to establish that he was denied his sixth amendment right to counsel.

¶ 2    Defendant Carmen Cox appeals from the order of the circuit court of Cook County dismissing his motion to withdraw his negotiated guilty pleas pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). His contention is that when his private attorney, Tod Urban, was negotiating

the plea agreements, Urban did not have the "legal authority" to represent him in the three other pending cases, where defendant was represented by other counsels in those three other cases and those counsels were not present at the time that defendant pled guilty in these cases. For the following reasons, this court affirms the trial court's decision to deny defendant's motion to withdraw his guilty plea.

¶ 3                                                    BACKGROUND

¶ 4        On March 7, 2014, following admonishments and a factual basis, defendant entered into negotiated pleas of guilty. At the time that he pled guilty, he had four cases pending before the trial court. In 07 CR 14117, he was charged with three counts of aggravated battery to a peace officer and one count of resisting or obstructing a peace officer. In 09 CR 02829, he was charged with one count of unlawful use of a weapon by a felon ("UUWF") and three counts of aggravated unlawful use of a weapon. In both of these cases, defendant was represented by Patrick Blegan and Nishay Sanan. The State initially elected to proceed on the UUWF case in 07 CR 14117.

¶ 5        Subsequently, defendant was charged in 09 CR 16999 with one count of first degree murder while armed with a firearm. On October 14, 2009, private attorney Tod Urban filed an appearance in this case. On November 8, 2010, the State changed its election to proceed on this case.

¶ 6        On January 27, 2014, while all three cases were pending, defendant was charged in 13 CR 22814 with possession of a weapon in a penal institution. He was represented by Assistant Public Defender Kathleen Fritz at arraignment for this case. At this time, the trial court continued all of defendant's cases for a jury trial on his first degree murder case in 09 CR 16999.

¶ 7        On March 7, 2014, the day that defendant's first degree murder trial was to commence, the Assistant State's Attorney informed the trial court that the State had reached an agreement with defendant to plead guilty. At the plea hearing, defendant was represented by Tod Urban.

¶ 8        Regarding 09 CR 16999, defendant agreed to plead guilty to Count 1 to a knowing and intentional murder for an agreed sentence of 35 years' imprisonment, but the State would drop the charge of committing this offense while armed with a firearm.  Regarding 07 CR 14117, defendant agreed to plead guilty to Count 1, aggravated battery to a peace officer, and be sentenced to 3 years' imprisonment. Regarding 09 CR 2829, defendant agreed to plead guilty to Count 1, UUWF, and be sentenced to 3 years' imprisonment. Regarding 13 CR 22814, defendant agreed to plead guilty to Count 1, possession of contraband in a penal institution, and be sentenced to 4 years' imprisonment. The prosecutor informed the trial court, because defendant was on bond at the time that he committed the three other offenses, the agreement was that each of the other offenses would run consecutive to the sentence for first degree murder. Defendant would also be sentenced to three years' mandatory supervised release. The State agreed to nolle pros all the other counts of the indictments as part of the plea agreement.

¶ 9        The State provided a factual basis for each of the four separate offenses. On March 7, 2014, defendant signed a written jury waiver and a written waiver of his right to a pre-sentence investigation for each of the four separate cases. The trial court gave defendant his right to allocution, and defendant declined to say anything at that time. The trial court accepted defendant's guilty plea, entered judgment against him, and sentenced him in accordance with the plea agreement. The trial court also provided Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) admonishments to defendant.

¶ 10       On March 14, 2014, defendant subsequently mailed the motion at bar, in which he moved to withdraw his guilty pleas on the charges of aggravated battery, UUWF, and possession of contraband in a penal institution, and vacate his resulting sentences pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). Defendant did not move to withdraw his guilty plea on the

charge of first degree murder. In the motion, defendant did not specify grounds for withdrawal. The record also contains a letter, ostensibly from defendant to the clerk of the court, regarding the facts surrounding the motion to withdraw guilty plea. A "Notification of Motion" form completed by the clerk indicates that the motion was "received" on March 21, 2014. The letter was file-stamped March 21, 2014, by the clerk of the court.

¶ 11 On May 19, 2014, the trial court orally dismissed the motion, finding that defendant's motion was filed untimely. The trial court also orally ruled that the underlying motion was meritless where "[he] absolutely knew that he was pleading guilty to these other cases." The trial court entered a written order that same day consistent with these findings. Defendant timely appealed that judgment.

¶ 12 On March 30, 2016, pursuant to a summary order (*People v. Carmen Cox*, 2016 IL App (1st) 142132-U), this court found that defendant's motion to withdraw his guilty pleas was timely filed within 30 days of the entry of the guilty pleas under Illinois Supreme Court Rule 604(d). Specifically, this court found his motion was timely filed within the 30-day time limitation where defendant mailed his motion to withdraw his guilty pleas on March 14, 2014, and the clerk's office received the motion on March 21, 2014. Therefore, this court reversed the dismissal of defendant's motion, and remanded the case for the appointment of counsel and further proceedings in compliance with Supreme Court Rule 604(d).

¶ 13 Upon remand, defendant was appointed counsel to represent him. Subsequently, defendant filed an amended motion to withdraw his guilty pleas. In the amended motion, he stated that at the time that he pled guilty, he was represented by Patrick Blegen in the three unelected cases, and by Tod Urban on the pending charge of first degree murder, but that Blegen was not present at the hearing on the plea agreement. Defendant argued that the "guilty pleas in these matters were

improperly taken and essentially taken without the benefit of his counsel of record, in doing so, the defendant did not receive effective assistance of counsel."

¶ 14     The trial court held a hearing regarding defendant's amended motion to withdraw his guilty pleas. Defendant presented the testimony of Patrick Blegen and testified on his own behalf.  Blegen testified that the first time that he represented defendant was in federal court in an unrelated criminal case. Then, he represented defendant in two state cases. His co-counsel in these two cases was Nishay Sanan. He did not recall representing defendant in a charge of possession of a weapon in a penal institution.

¶ 15     Blegen testified that he represented defendant in a "gun case, which the State had elected on first, that was hung." After the State changed its election to the murder case, he did not regularly appear in court because Tod Urban was representing defendant in that case. He did not recall who called him, it may have been defendant's mother, and he learned that defendant had pled to all four of the pending cases. He testified that he still represented defendant on two of these cases at that time. He never discussed this plea agreement with defendant, and the prosecution never notified him that there was a plea agreement being considered for defendant in these two cases.

¶ 16     On cross-examination, Blegen testified that he was "pretty certain" that he did not represent defendant for the charge of possession of contraband in a penal institution. He stated that he had an agreement with Tod Urban, that Urban would continue to step up for him on the unelected cases once the State elected to proceed with the first degree murder case. As far as he knew, Tod Urban was a licensed attorney in the State of Illinois. After he learned that defendant had pled guilty, he did not file a motion to withdraw the plea agreement for the two cases in which he represented defendant.  Then, on redirect, Blegen testified that he did not have an agreement with Urban that Urban would represent defendant when Blegen was not present.

¶ 17　　　Defendant testified on direct examination that Patrick Blegen and Nishay Sanan represented him in two cases and a public defender represented him in the case involving the possession of contraband in a penal institution. Tod Urban represented him only on the first degree murder case. When he entered the courtroom on March 7, 2014, he thought that he was only pleading guilty to 35 years' imprisonment for the first degree murder case, in exchange for the State agreeing to drop "the gun enhancements." He did not have the opportunity to discuss the plea negotiations with his other attorneys.

¶ 18　　　He further explained, "[w]hen I got to NRC and I was presented with an account sheet regarding your time and I seen that I had several more years added to my time that I didn't plead to that I didn't understand." According to defendant, Tod Urban told him that the other charges would be "nolle pros" and did not tell him that he would be pleading guilty to the other cases. Upon questioning by the trial court, defendant admitted that he responded affirmatively when the trial court had asked him if he understood that he was pleading guilty in all of these cases. He also admitted that the State provided a factual basis for each of the four cases.

¶ 19　　　The State did not present any witnesses at the hearing.

¶ 20　　　In the court's ruling on defendant's motion, defense counsel agreed with the trial court's assessment that "the only issue…is did Urban have authority to represent him on all four cases at the plea. It seems like that's the thrust of the defense." The trial court noted that it did not see anything in the transcript that would lead him to think that defendant thought he was only pleading to the charge of first degree murder, instead, defendant knew that he was pleading guilty in all four cases and gave authority to his attorney, Tod Urban, to negotiate the plea in all four cases. Specifically, in denying defendant's amended motion to withdraw his guilty plea, the trial court stated:

"My ruling is that [defendant] accepted Tod Urban as the chief lawyer in this case and had given him authority to negotiate this deal and he never said anything in this plea that somehow he wanted separate lawyers to come in on his other cases and be part of the negotiations. And for him to say now that he didn't know that he was pleading to all four cases is just not accurate according to the transcript. He knew exactly what he was pleading to. He had adequate representation."

¶ 21    Defendant appeals the trial court's decision to deny his motion to withdraw his guilty plea.

ANALYSIS

¶ 22    We consider defendant's contention that the trial court erred in denying his motion to withdraw his negotiated guilty plea. His contention is that his attorney, Tod Urban, when he was negotiating the plea agreement, did not have the "legal authority" to represent him in the three other pending cases, where defendant was represented by other counsels in those three other cases and those counsels were not present at the time that defendant pled guilty in these cases. He also asks this Court to find that, because he was "altogether denied the assistance of counsel" at the guilty plea proceedings, the error is structural and, thereby, he is not required to show prejudice because the proceeding itself is presumptively unreliable.

¶ 23    The State initially contends that, should this court determine that defendant may withdraw his guilty plea in the three cases at issue, his withdrawal of any one of the guilty pleas will constitute a material breach of the single plea agreement. As a result, the material breach of this agreement would relieve the State of all of its obligations related to defendant's guilty plea in the murder case. In the interest of fairness, for all four cases, the State could elect to reinstate the amended and dismissed charges, which could expose defendant to additional convictions as well as a longer aggregate sentence and will no longer be required to recommend certain terms of imprisonment. Ill. S. Ct. R. 605(c)(4) (eff. Oct. 1, 2001).

¶ 24 The State further contends that defendant received the assistance of counsel at his guilty plea hearing, so that he was not given the "complete denial of counsel" where his attorney, Tod Urban, was present at the guilty plea hearing and assisted him during the hearing. Also, it contends that there is no evidence to support a conclusion that there were circumstances that made effective assistance so unlikely as to warrant a presumption of prejudice.

¶ 25 In defendant's reply brief, he acknowledges the possibility that, if he was permitted to withdraw his guilty pleas, the State may seek to reinstate all of the charges in all four of the cases, including the case involving his conviction for first degree murder. He contends that the State misconstrued his arguments in his opening brief. He clarifies that he is not arguing that Tod Urban was ineffective, or that Urban's representation of defendant amounted to a "complete denial of counsel." He limits his claim to one in which Urban only had the legal authority to represent him in the murder case, not in the three other un-elected cases involved in the guilty plea hearing.

¶ 26 Defendant presents this claim in the form of a motion to withdraw his guilty plea, pursuant to Illinois Supreme Court Rule 605(c) (eff. Feb. 6, 2013). A defendant does not have an automatic right to withdraw his or her guilty plea. *People v. Baez*, 241 Ill.2d 44, 110 (2011). When a defendant files a motion to withdraw a guilty plea, the defendant has the burden to show that the plea was "entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *People v. Hughes*, 2012 IL 112817, ¶ 32.

¶ 27 Defendant urges a *de novo* standard of review on the grounds that the question in this case is whether the trial court violated defendant's constitutional right to counsel. In support of his contention, defendant cites *People v. Burns*, 209 Ill.2d 551 (2004). However, *Burns* did not address a constitutional claim presented in a motion to withdraw a guilty plea. This court declines

defendant's invitation to employ such a standard of review. Instead, where the trial court heard testimony at a hearing, the decision to grant or deny a motion to withdraw a guilty plea, rests in the sound discretion of the circuit court and, as such, is reviewed for abuse of discretion. *Hughes*, 2012 IL 112817, ¶ 32 (citing *People v. Baez*, 241 Ill.2d 44, 109-110 (2011)).

¶ 28     On appeal, defendant does not allege that his guilty pleas were entered through a misapprehension of the facts or the law, that there was doubt as to his guilt, or that justice would be better served through a trial. Instead, he asks this court to find that the trial court erred in denying his motion to withdraw his guilty plea where his sixth amendment right, which guarantees a defendant the right to effective assistance of counsel at all critical stages of the criminal proceedings, including the entry of a guilty plea, was violated. *Missouri v. Frye*, 566 U.S. 134, 140 (2012); *Hughes*, 2012 IL 112817, ¶ 44. The United States Supreme Court has recognized that the right to counsel "is the right to the effective assistance of counsel." *U.S. v. Cronic*, 466 U.S. 648, 654 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). "The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *Id.* at 656 (citing *Anders v. California*, 386 U.S. 738, 743 (1967)). Moreover, courts "presume that the lawyer is competent to provide the guiding hand that the defendant needs…" *Id.* at 658.

¶ 29     Thus, for defendant's sixth amendment claim to be valid, defendant has the burden of establishing that he was denied the effective assistance of counsel at the time that he decided to plead guilty. However, throughout his briefs, he submits that his plea counsel, Tod Urban, was not ineffective in his representation of him at the plea hearing. Therefore, he asks this Court to find that his sixth amendment right to counsel was violated despite his concession that he was provided effective assistance of counsel during the plea hearing.

¶ 30 In *Cronic*, the United States Supreme Court considered that there may be circumstances "when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Id.* at 659-660. The Supreme Court looked at the circumstances in *Powell v. Alabama*, 287 U.S. 45 (1932), as an example of such a case. In *Powell*, the defendant in a highly publicized case in which he faced the death penalty, was appointed counsel to represent the defendant on the day of trial. The Supreme Court held that "such designation of counsel as was attempted was either so indefinite or so close upon the trial as to amount to a denial of effective and substantial aid in that regard." *Id.* at 53.

¶ 31 Here, in addition to conceding that Urban was not ineffective in representing defendant at the plea hearing, defendant also, in his reply brief in response to the State's argument, clarifies that he is not contending that Urban's representation of him amounted to a "complete denial of counsel" as discussed in *Cronic*. Instead, he focuses his argument on the fact that his other counsels never gave Urban the authority to represent him in the plea negotiations.

¶ 32 Initially, the circumstances in this case are factually distinguishable from the legal representation for the defendant in *Powell*. Here, defendant was represented by counsel during a plea negotiation. In *Powell*, the defendant was represented by counsel in a capital case during a jury trial. Certainly, the level of preparation for a jury trial differs significantly from the level of preparation for negotiating a plea agreement. In his brief, defendant suggests that Urban may not have been privy to the discovery tendered by the State in these other cases. However, defendants may choose to engage in a plea agreement with the State even before discovery has been tendered, so the lack of discovery for these other three cases is not persuasive.

¶ 33    Moreover, defendant does not present this Court with any relevant caselaw holding that a defense counsel is required to provide "legal authority" to another counsel during a plea negotiation. See Ill. S. Ct. R. 341(h)(7) (argument must contain reasons for appellant's contentions and authorities relied on). Certainly, the concern is that such a holding -- requiring a defense counsel to provide "legal authority" to another counsel -- could lead to a situation in which a defendant's sixth amendment right to assistance of counsel of his choice is violated. In other words, defendant's argument would require this court to find that a defendant could not proceed with his chosen counsel at a critical stage of proceedings simply because another counsel did not provide "legal authority" to that counsel. Here, in choosing to engage in plea negotiations on the day that his first degree murder trial was set to commence and to enter into a plea agreement with the assistance of Urban, defendant clearly exercised his sixth amendment right to have the effective assistance of counsel of his choice. Obviously, he chose Urban, a licensed attorney in the State of Illinois, to represent him.

¶ 34    Moreover, defendant does not provide this court with any evidence to suggest that he sought, at any point, for his counsel or the trial court to provide him with the assistance of these other counsels. At the plea hearing, defendant never expressed any concern that he was unable to consult with the attorneys who represented him on these three other cases. At the hearing on his motion to withdraw his guilty plea, defendant testified that he entered into the plea negotiations being represented by Urban, the attorney who represented him in the case involving the charge of first degree murder. He never testified that he expressed any reservations in having Urban represent him in these plea negotiations. In fact, he never averred in his motion or testified at the hearing that he had any desire to consult with his other attorneys about his decision to plead guilty in these other cases, or that anyone thwarted his efforts to do.

¶ 35    Instead, his sole complaint, in his motion and during his testimony at the hearing on his motion, was that Urban told him that all the charges in the three other cases would be "nolle pros" as part of the plea agreement. The trial court's decision to reject this claim is clearly supported by the trial record. The State informed the trial court that it had reached an agreement with the defense for defendant to plead guilty to certain counts in all four cases. The trial court outlined the different counts in the four separate indictments to which defendant agreed to plead guilty, as well as the counts in these four indictments that the State had agreed to nolle pros. Upon the trial court's inquiry, defendant stated that he understood: (1) he was charged with first degree murder, UUWF, aggravated battery to a peace officer, and possessing a weapon in a penal institution; (2) the sentencing ranges for these four offenses; (3) the possibility of being sentenced to an extended term; (4) the sentences had to be served consecutively; and (5) the three-year period of mandatory supervised release. Defendant stated that he understood that he would be giving up his right to separate jury trials in each of these four cases and signed four separate written jury trial waivers. He acknowledged that no one forced him or threatened him to make that decision, and no other promises had been made to him. The State provided a factual basis for each of the four separate offenses. Defendant also signed written waivers of his right to a pre-sentence investigation for each of the four cases. Defendant declined the opportunity to speak in allocution.

¶ 36    Also, when one of the other attorneys learned that defendant had pled guilty, he did not take any steps to review or withdraw defendant's guilty plea. Blegen testified that one or two days after the plea, he learned of defendant's decision to plead guilty to some of the charges in the two cases in which he represented him. He testified that, upon learning of the plea, he did not take any steps to initiate a review of the plea. Blegan could have contacted defendant to speak with him about whether defendant had any concerns regarding the circumstances surrounding his decision to plead

guilty in the two cases where Blegen was one of the counsels of record. He did not do so, further supporting the conclusion that defendant's constitutional rights were not violated in this case.

¶ 37    Also, it is important to note that defendant, in his amended motion to withdraw his guilty plea, stated that Blegen represented him all three of his other cases. However, at the hearing on his motion, he testified that Blegen and Nijay Sanan represented him in two of his three cases, and a public defender represented him in the case in which he was charged with possession of a weapon in a penal institution. The record in this case shows that defendant's testimony is correct. However, defendant never presented the testimony of Assistant Public Defender Kathleen Fritz, who was appointed counsel at arraignment, to support his claim of a violation of his constitutional rights occurred at the plea proceeding.

¶ 38    Consequently, this court finds that the trial court's decision to deny defendant's motion to withdraw his guilty plea was proper. Defendant did not meet his burden of establishing his claim that his sixth amendment right to effective assistance of counsel was violated. His concern that Urban did not have the "legal authority" to represent him in these cases does not amount to a sixth amendment violation. Moreover, he did not present any evidence to support his claim that he desired to consult with these other attorneys at the time of engaging in plea negotiations. Because this court finds that the trial court's decision to deny defendant's motion to withdraw his guilty plea was proper, this court need not address the issue of whether his withdrawal of any one of the guilty pleas will constitute a material breach of the single plea agreement, which would relieve the State of all its obligations related to defendant's guilty plea in the murder case.

¶ 39                                        CONCLUSION

¶ 40    We affirm the trial court's order denying defendant's motion to withdraw his guilty pleas.

¶ 41    Affirmed.