2025 IL App (1st) 241573-U

No. 1-24-1573

Order filed November 14, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 13954 |
| | ) | |
| DEMARKO WILLIAMS, | ) | Honorable |
| | ) | Natosha Cuyler Toller, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the circuit court's denial of defendant's *pro se* amended petition for relief of judgment, rejecting defendant's argument that the unlawful use or possession of weapons by felons statute is facially unconstitutional.

¶ 2   Defendant Demarko Williams appeals from the circuit court's denial of his *pro se* amended petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). On appeal, defendant contends that his conviction for unlawful use or possession of a weapon by a felon (UUWF) is void and must be vacated because

the UUWF statute is facially unconstitutional under the Second Amendment of the United States Constitution (U.S. Const. amend. II). We disagree and, therefore, affirm.

¶ 3    We discuss only the facts necessary to the disposition of this appeal.

¶ 4    On March 29, 2010, defendant entered a guilty plea to one count of UUWF (720 ILCS 5/24-1.1(a) (West 2008). He was sentenced to 3½ years in prison. Defendant did not file a motion to withdraw his plea or a direct appeal.

¶ 5    On November 17, 2023, defendant filed a *pro se* petition for relief from judgment relying on *People v. Burns*, 2015 IL 117387, and *People v. Aguilar*, 2013 IL 112116, to argue that his "(AUUW) Aggravated Unlawful Use of Weapon/Veh/Prev Conviction" was void *ab initio* and should be vacated. The State filed a motion to dismiss alleging defendant pled guilty to UUWF and not AUUW. Defendant then filed a *pro se* amended petition for relief from judgment contending the court "should also vacate 720 ILCS 5/24-1.1(a) statute because it's [*sic*] violates the Second Amendment of the United States Constitution." The circuit court denied defendant relief, noting that the Illinois Supreme Court has not found a Second Amendment violation "when it comes to prohibition on firearm possession by convicted felons."

¶ 6    On appeal, defendant contends his UUWF conviction is void because the UUWF statute is facially unconstitutional under the Second Amendment of the United States Constitution (U.S. Const. amend. II). He further argues, for the first time on appeal, that under the new test articulated by the United States Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the right to carry a firearm for self-defense outside the home "extends to all individuals, including those who *** have a previous felony conviction."

¶ 7    Initially, the State argues that because defendant's petition and amended petition for relief from judgment did not "even mention *Bruen*, let alone predicate [a] claim on it," his *Bruen* claim is forfeited. We disagree. Here, the amended petition for relief from judgment alleged that the circuit court "should also vacate 720 ILCS 5/24-1.1(a) statute because it's [*sic*] violates the Second Amendment of the United States Constitution." Additionally, at argument on the amended petition, defendant asserted that the UUWF statute was "unconstitutional because it prohibits citizens from exercising Second Amendment, [and] Fourteenth Amendment right[s] to possess a weapon." Although defendant did not cite *Bruen* in the circuit court, he did raise a constitutional challenge to the UUWF statute based upon the Second and Fourteenth Amendments. See *People v. Doehring*, 2024 IL App (1st) 230384, ¶ 13 (rejecting a claim that a *Bruen* argument, raised for the first time on appeal, was forfeited as, "despite the difference in cited case law, defendant in his petition *did* expressly raise a constitutional challenge based on the second amendment" (emphasis in original)). Accordingly, we will address the merits of defendant's contention that the UUWF statute is unconstitutional on its face.

¶ 8    "A facial challenge requires the challenging party to show that the statute is unconstitutional under any set of facts." *People v. Cox*, 2025 IL App (1st) 241260, ¶ 11. Courts have a duty "to uphold the constitutionality of a statute whenever reasonably possible, resolving doubts in favor of its validity." *People v. Rizzo*, 2016 IL 118599, ¶ 23. A defendant raising a constitutional challenge to a statute carries the heavy burden to rebut the strong judicial presumption that the statute is constitutional. *Id*. Defendant has not met his burden.

¶ 9    The Second Amendment states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const.

amend. II. In *Bruen,* the United States Supreme Court announced a new analytical framework for evaluating the constitutionality of firearm regulations, recognizing "that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun" inside and outside the home "for self-defense." *Bruen*, 597 U.S. at 8-10. We have repeatedly rejected facial constitutional challenges to the UUWF statute based upon the *Bruen* framework. See, *e.g.*, *Cox*, 2025 IL App (1st) 241260, ¶¶ 14-23; *People v. Boss*, 2025 IL App (1st) 221855, ¶¶ 17-36; *People v. Travis*, 2024 IL App (3d) 230113, ¶¶ 21-33; *People v. Grace*, 2025 IL App (1st) 232429-U, ¶¶ 9-26; *People v. Darby*, 2025 IL App (1st) 241101-U, ¶¶ 30-36; *People v. Delgado*, 2025 IL App (1st) 240350-U, ¶¶ 6-22; *People v. Avalos*, 2025 IL App (1st) 230874-U, ¶¶ 71-79; see Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).

¶ 10    Defendant's arguments fare no better. Defendant contends that "recent developments in second amendment jurisprudence" support his argument that a "lifetime ban on firearm possession" due to a felony conviction is unconstitutional and inconsistent with our country's historical tradition of firearm regulation. We disagree.

¶ 11    First, defendant's argument that a felony conviction results in a "flat ban" on firearm possession is meritless. The "ban" is neither flat nor permanent because a person may seek relief under section 10 of the Firearm Owners Identification Card Act (430 ILCS 65/10 (West 2024)). See 720 ILCS 5/24-1.1(a) (West 2024) ("This Section shall not apply if the person has been granted relief by the Director of the Illinois State Police under Section 10 of the Firearm Owners Identification Card Act."); see also *Cox*, 2025 IL App (1st) 241260, ¶ 16; *Grace*, 2025 IL App (1st) 232429-U, ¶¶ 18-19 (rejecting argument that the UUWF or armed habitual criminal statutes

amounted to a lifetime ban on firearm possession); see Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).

¶ 12 Second, the UUWF statute has historical analogues, *i.e.*, comparable traditions of disarmament based upon legal disobedience. See *Bruen*, 597 U.S. at 29-30 (a proper analogue does not require a "historical *twin*"; rather, historical and modern-day regulations are sufficiently analogous if they "impose a comparable burden on the right of armed self-defense" that is "comparably justified" (emphasis in original)).

¶ 13 As the Supreme Court explained in *United States v. Rahimi*, 602 U.S. 680, 699 (2024), its decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), "never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home." Rather, *Heller* "stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Rahimi*, 602 U.S. at 699 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

¶ 14 In *Rahimi*, the Supreme Court rejected a facial challenge to a federal statute that prohibited firearm possession by a person subject to a domestic violence restraining order. *Id*. at 688, 693, 698-99. The Court found that the statute was not facially invalid given that one basis for prohibiting firearm possession by the subject of the order was that he or she presented a credible threat to the physical safety of another. *Id*. at 698-700. In reaching this conclusion, the Court only considered whether the statute was consistent with our country's history of firearms regulation. See *id*. at 690. After reviewing the statute's historical context, the Court found that "[o]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the

physical safety of others." *Id*. at 700. Accordingly, "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id*. at 702.

¶ 15    Additionally, founding-era legislatures "prescribed death or forfeiture of a person's entire estate (presumably including firearms) as punishment for numerous non-violent crimes (including deceit, forgery, and wrongful taking of property)." *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 96. In *Brooks*, we identified historical analogues that disarmed religious, racial, and political minority groups based on the assumption that their status signified an inclination to disobey the law. *Id*. at ¶ 94; see also *People v. MacIas*, 2025 IL App (1st) 230678, ¶¶ 29-34 (discussing founding-era laws which authorized capital punishment and estate forfeiture for persons convicted of felonies); *Travis*, 2024 IL App (3d) 230113, ¶¶ 27-33 ("The government has historically promoted public safety by protecting society from persons it deems to be dangerous").

¶ 16    Defendant asserts that status-based prohibitions in the founding-era would be unconstitutional "today" because they reflected "deep social bigotry." Not so. The *Bruen* framework requires an examination of historical analogues "and laws disarming enslaved people, religious minorities, and Native Americans—however repulsive to modern sensibilities—fit that bill." *United States v. Jackson*, 700 F. Supp. 3d 651, 660 (N.D. Ill. 2023). As we explained:

> "the reason such laws would be invalid today is the equal protection clause of the fourteenth amendment, not the second amendment. To reject these historical laws as analogues on this basis is moving the goalpost—shifting to an entirely different legal test from the one established in *Bruen*. *** Historical laws that categorically disarmed certain groups based on legislative judgment that the group was dangerous are repugnant. Nevertheless, they satisfy the standard." *MacIas*, 2025 IL App (1st) 230678, ¶ 34.

¶ 17 As we concluded in *Brooks*, "founding-era historical record and Supreme Court precedent support the ability of our legislature to prohibit firearm possession by people who have demonstrated disrespect for legal norms of society." (Internal quotation marks omitted.) *Brooks*, 2023 IL App (1st) 200435, ¶ 100. A felony conviction demonstrates a disrespect for legal norms. See *Heller*, 554 U.S. at 626 ("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"). Accordingly, we reaffirm our prior holdings that reject the notion that the UUWF statute is facially unconstitutional under the Second Amendment.

¶ 18 We affirm the circuit court's denial of defendant's amended petition for relief from judgment.

¶ 19 Affirmed.