2025 IL App (1st) 240617-U

No. 1-24-0617

Order filed November 18, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 1710 |
| | ) | |
| MICHAEL JACKSON, | ) | Honorable |
| | ) | Ursula Walowski, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE D.B. Walker delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm defendant's conviction over his contention that the unlawful use or possession of a weapon by a felon statute is facially unconstitutional.

¶ 2    On August 16, 2023, defendant Michael Jackson entered a guilty plea to unlawful use or possession of a weapon by a felon (UUWF), and was sentenced to six years in prison. On appeal, defendant contends, for the first time, that the UUWF statute is facially unconstitutional pursuant to the second amendment of the United States Constitution (U.S. Const., amend. II). We affirm.

¶ 3     We relate only those facts relevant to the issue on appeal.

¶ 4     On August 16, 2023, defendant entered a negotiated guilty plea to UUWF (720 ILCS 5/24-1.1(a) (West 2018)), and was sentenced to six years in prison. He did not file a motion to withdraw his guilty plea.

¶ 5     On March 1, 2024, defendant filed a *pro se* motion for leave to file a late notice of appeal in this court. On March 26, 2024, we granted defendant leave to file a late notice of appeal.

¶ 6     On appeal, defendant contends, for the first time, that the UUWF statute is facially unconstitutional pursuant to the Second Amendment. He relies on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) to argue that there is no national historical tradition of permanently disarming felons.

¶ 7     Before reaching the merits of defendant's appeal, we must consider our jurisdiction. See *People v. Ratliff*, 2024 IL 129356, ¶ 15 (a reviewing court has an independent duty to consider its jurisdiction).

¶ 8     First, we note that defendant did not file a motion to withdraw his guilty plea prior to filing an appeal. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); see also *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003) (the filing of a Rule 604(d) motion seeking the withdrawal of the guilty plea and vacatur of the judgment or the reconsideration of the sentence is a "condition precedent to an appeal from a judgment on a plea of guilty"). However, our supreme court has held that "a guilty plea does not preclude a defendant from arguing on appeal that he was sentenced under a statute that was facially unconstitutional and void *ab initio*." *People v. Guevara*, 216 Ill. 2d 533, 542-43 (2005); see also *People v. Temple*, 2025 IL App (1st) 240917, ¶ 12 ("a guilty plea does not preclude a defendant from challenging his conviction as void").

¶ 9    Second, we address the State's contention that defendant's *pro se* motion for leave to file a late notice of appeal was untimely and, therefore, our order granting defendant leave to file a late notice of appeal was improvidently granted.

¶ 10    Pursuant to Supreme Court Rule 606(b), which governs criminal appeals, "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Il. S. Ct. R. 606(b) (eff. Mar. 12, 2021). Additionally, this court is authorized to allow leave to file a late notice of appeal so long as that motion is "filed *** within six months of the expiration of the time for filing the notice of appeal." Ill. S. Ct. R. 606(c) (eff. Mar. 12, 2021).

¶ 11    Here, defendant entered his guilty plea and was sentenced on August 16, 2023. He then had 30 days, or until September 15, 2023, to file a timely notice of appeal in the circuit court. Defendant then had six months, or until March 15, 2024, to file a motion for leave to file a late notice of appeal in this court. Defendant's *pro se* motion for leave to file a late notice of appeal, filed in this court on March 1, 2024, was timely, and we therefore have jurisdiction. See *id.* Accordingly, we will address the merits of defendant's contentions on appeal.

¶ 12    A constitutional challenge to a statute may be facial or as-applied. *People v. Rizzo*, 2016 IL 118599, ¶ 24. Here, defendant argues that the UUWF statute is unconstitutional on its face. A defendant may challenge the facial constitutionality of a statute at any time. *People v. Thompson*, 2015 IL 118151, ¶ 32.

¶ 13    A defendant raising a constitutional challenge to a statute carries the heavy burden to rebut the strong judicial presumption that the statute at issue is constitutional. *Rizzo*, 2016 IL 118599,

¶ 23. To overcome this presumption, he must clearly establish that the statute at issue violates the constitution. *Id*. However, courts have a duty to uphold the constitutionality of a statute whenever reasonably possible, resolving doubts in favor of its validity. *Id*. This court reviews the facial constitutionality of a statute *de novo*. *People v. Bochenek*, 2021 IL 125889, ¶ 9.

¶ 14    "A facial challenge requires the challenging party to show that the statute is unconstitutional under any set of facts." *People v. Cox*, 2025 IL App (1st) 241260, ¶ 11. A facially unconstitutional statute is void *ab initio*, meaning that "the statute was constitutionally infirm from the moment of its enactment and, therefore, unenforceable." *Thompson*, 2015 IL 118151, ¶ 32. However, a party raising a facial challenge has a particularly heavy burden, as the fact that the statute might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid. *Rizzo*, 2016 IL 118599, ¶ 24.

¶ 15    The Second Amendment states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II.

¶ 16    In *Bruen,* the United States Supreme Court "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun" inside and outside the home "for self-defense" (*Bruen*, 597 U.S. at 8-10), and announced a new analytical framework for evaluating the constitutionality of firearm regulations. First, courts must determine whether the Second Amendment's "plain text" covers a person's conduct. *Id*. at 24. If it does, "the Constitution presumptively protects that conduct," and the State then has the burden to justify a regulation by showing it is consistent with our country's history of firearm regulation. *Id*.

¶ 17    This court has consistently rejected facial constitutional challenges to the UUWF statute based upon the *Bruen* framework. See, *e.g.*, *Cox*, 2025 IL App (1st) 241260, ¶¶ 14-23; *People v. Boss*, 2025 IL App (1st) 221855, ¶¶ 17-36; *People v. Travis*, 2024 IL App (3d) 230113, ¶¶ 21-33; *People v. Grace*, 2025 IL App (1st) 232429-U, ¶¶ 9-26; *People v. Avalos*, 2025 IL App (1st) 230874-U, ¶¶ 71-79; *People v. Wright*, 2024 IL App (1st) 230428-U, ¶¶ 6-20; see Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021 may be cited for persuasive purposes).

¶ 18    In so doing, courts have used one of two approaches. Relying solely on the first step of the *Bruen* framework, some courts have determined that the conduct at issue, possession of a firearm by a felon, is not protected by the Second Amendment. See, *e.g.*, *People v. Welch*, 2025 IL App (1st) 231116, ¶ 57 ("Because the second amendment only protects the rights of law-abiding citizens to bear arms, the *Bruen* analytical framework does not apply to the [offense of unlawful use or possession of a weapon by a felon]."); *People v. Rich*, 2025 IL App (1st) 230818, ¶ 63 ("possessing a firearm while having a felony conviction" does not fall "within the scope of the second amendment" because only the rights of law-abiding citizens to possesses firearms are protected); *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37 ("[t]he *Bruen* Court could not have been more clear that its newly announced test applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens,' and not felons like defendant").

¶ 19    Other courts have found that the conduct at issue, possession of a firearm, falls within the protection of the Second Amendment, and then have proceeded to analyze the impact of a person's felon status under the second step of the *Bruen* framework. Courts performing both steps of the *Bruen* analysis have determined that laws regulating a felon's possession of a firearm are

constitutional because our country has a historical tradition of disarming felons. See, *e.g.*, *People v. Wade*, 2025 IL App (1st) 231683, ¶50 ("under the second step of the *Bruen* analysis, the armed habitual criminal statute is consistent with the historical tradition of firearm regulation"); *Travis*, 2024 IL App (3d) 230113, ¶¶ 27-33 (there is "a history and tradition dating back to the founding era of identifying dangerous individuals and disarming them").

¶ 20    Defendant, however, contends that there is no historical tradition of *permanently* disarming felons.

¶ 21    Initially, we note that felons are not permanently banned from firearm possession. A person may seek relief under section 10 of the Firearm Owners Identification Card Act (430 ILCS 65/10 (West 2024)). See 720 ILCS 5/24-1.1(a) (West 2024) ("This Section shall not apply if the person has been granted relief by the Director of the Illinois State Police under Section 10 of the Firearm Owners Identification Card Act."); see also *Cox*, 2025 IL App (1st) 241260, ¶ 16; *Grace*, 2025 IL App (1st) 232429-U, ¶¶ 18-19 (rejecting argument that the UUWF or armed habitual criminal statutes amounted to a lifetime ban on firearm possession); see Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).

¶ 22    Moreover, as discussed, this court has conducted the historical analysis required by the second step of the *Bruen* framework and concluded that Illinois' restriction on felons possessing firearms is consistent with a historical tradition of disarming those who demonstrate a disrespect for legal norms. See *People v. Macias*, 2025 IL App (1st) 230678, ¶¶ 29-34 (discussing founding-era laws that authorized capital punishment and estate forfeiture for persons convicted of felonies); *Travis*, 2024 IL App (3d) 230113, ¶ 30 ("The government has historically promoted public safety

by protecting society from persons it deems to be dangerous."); *People v. Brooks*, 2023 IL App (1st) 200435, ¶¶ 90-105 ("[T]here is a historical tradition of legislatures exercising their discretion to impose status-based restrictions disarming entire categories of persons who, based on their past conduct, were presumed unwilling to obey the law." (internal quotation marks omitted)).

¶ 23    Finally, we note that the Supreme Court recently explained in *United States v. Rahimi*, 602 U.S. 680, 699 (2024), that its decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), "never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home." Rather, *Heller* "stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.' " *Rahimi*, 602 U.S. at 699 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

¶ 24    Accordingly, we reject defendant's facial challenge to the UUWF statute because it comports with a longstanding national tradition of disarming individuals based upon criminal conduct.

¶ 25    Based upon the foregoing, we affirm the judgment of the circuit court of Cook County.

¶ 26    Affirmed.